# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LUXOTTICA OF AMERICA INC., | : | Case No. 1:20-cv-698 |
| Plaintiff and Counter-Defendant, | : | Judge Timothy S. Black |
| vs. | : | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | : | |
| Defendant and Counter-Claimant. | : | |

## ORDER GRANTING THE PARTIES' JOINT MOTION TO FILE DOCUMENTS UNDER SEAL (Doc. 35)

This civil action is before the Court on the parties' joint motion to file documents under seal (the "Motion to Seal"). (Doc. 35).

## I. BACKGROUND[1]

The Motion to Seal arises in the context of an insurance dispute. (*See* Doc. 1 at ¶ 1). Plaintiff Luxottica of America Inc. ("Luxottica") is an optical retailer with its principal place of business in Mason, Ohio. (*Id.* at ¶¶ 4, 8). Defendant Allianz Global Risks US Insurance Company ("Allianz") is an insurance company with its principal place of business in Chicago, Illinois. (*Id.* at ¶¶ 5, 7).

In September 2017, three class action lawsuits were filed against Luxottica in California, Florida, and New York. (*Id.* at ¶ 26). In December 2017, those class actions

---

[1] The Court sets forth the underlying facts as they are alleged in Plaintiff's Complaint. (Doc. 1). The Court makes no findings as to the validity of Plaintiff's allegations at this time.

were consolidated into one lawsuit (the "Underlying Litigation"). (*Id.* at ¶ 27). At present, the Underlying Litigation remains pending in the Eastern District of New York. (*Id.*); *see Allegra, et al. v. Luxottica Retail North America*, 1:17-cv-5216 (E.D.N.Y).

Between 2017 and 2020, Allianz paid Luxottica's defense costs in the Underlying Litigation, pursuant to an optical liability insurance endorsement. (*Id.* at ¶¶ 34–38). However, in 2020, Allianz reversed its coverage position and refused to pay any further defense costs. (*Id.* at ¶¶ 37–38). Allianz now maintains that is has no duty to defend Luxottica in the Underlying Litigation. (*Id.*)

Following the foregoing events, Luxottica commenced the instant lawsuit against Allianz. (*See generally id.*). In its Complaint, Luxottica alleges that "Allianz's reversal of its coverage position is unreasonable, incorrect, and without reasonable justification." (*Id.* at ¶ 39). And Luxottica seeks, *inter alia*, a declaration confirming that Allianz has a duty to defend Luxottica in the Underlying Litigation. (*Id.* at ¶¶ 3, 48–50).

On December 11, 2020, the Court granted the parties leave to file cross motions for summary judgment on Luxottica's duty to defend claim. (Doc. 24). Thereafter, on January 19, 2021, the parties filed the instant Motion to Seal. (Doc. 35). In the Motion to Seal, the parties move the Court for leave to file two exhibits under seal, in connection with their forthcoming summary judgment briefs (the "Exhibits").[2] (*Id.* at 2).

The Motion to Seal is ripe for adjudication.

---

[2] To be precise, the parties filed an initial motion to seal on January 14, 2021 (Doc. 31), then a revised motion to seal on January 19, 2021 (Doc. 34). The Court **TERMINATES** the initial motion to seal as moot. (Doc. 31). The revised motion to seal is the motion now before the Court. (Doc. 35).

2

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305–06;

3

*Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the

4

interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

In the Motion to Seal, the parties move the Court for leave to file two Exhibits under seal, in connection with their forthcoming summary judgment briefs. (Doc. 35 at 2). The parties have submitted both Exhibits to the Court for *in camera* review. (*Id.*) The first Exhibit contains a chain of email messages, among the claims department at Allianz, the legal department at Luxottica, and defense counsel in the Underlying Litigation. (*Id.*) The second Exhibit contains an insurance coverage letter, from a claims specialist at Allianz (named Anthony Togias), to the general counsel at Luxottica (named Jason Groppe). (*Id.* at 3).

The Motion to Seal avers that both of the Exhibits should be filed under seal, because both of the Exhibits contain privileged communications, which occurred while Allianz was paying Luxottica's defense costs in the Underlying Litigation, and which regard the various claims asserted against Luxottica in the Underlying Litigation. (*Id.* at 2–3). Notably, in the Motion to Seal, the parties do not seek to seal the contents of the Exhibits in their entirety. (*See id.* at 2). Instead, the parties propose that redacted versions of the Exhibits be filed on CM/ECF. (*Id.*) The parties have submitted proposed redactions to the Court for confidential review.

On careful consideration, the Court concludes that the Motion to Seal should be granted.

As an initial matter, there is a compelling reason to seal the Exhibits. The Court has carefully reviewed the Exhibits *in camera*. And, on careful review, the Court agrees that both of the Exhibits contain privileged information, which is protected by the attorney-client privilege and/or the work product doctrine. *Accord State ex rel. Dawson v. Bloom-Carroll Local Sch. Dist.*, 959 N.E.2d 524, 530 (Ohio 2011). The Court can think of few reasons more compelling to permit a seal than the preservation of these important safeguards. *Accord Abington Emerson Capital, LLC v. Landash Corp.*, No. 2:17-CV-143, 2020 WL 5035452, at *2 (S.D. Ohio Aug. 26, 2020) (noting that "[d]ocuments invoking either work-product or attorney-client privilege implicate [] privacy rights, and therefore, provide grounds . . . to file the documents under seal" (citation omitted)).

Moreover, the public's interest in the redacted portions of the Exhibits appears to be limited. At this juncture, it does not appear that the public will need to review the specific contents of the parties' privileged communications to understand either the merits of Plaintiff's claims or the arguments for/against summary judgment. (*See* Doc. 23 at 1; Doc. 35 at ¶¶ 48–50). Thus, at this juncture, the public's interest in the Exhibits' full disclosure appears to be minimal.[3]

Finally, the proposed seal is narrowly tailored to protect the Exhibits' sensitive information. Here, the parties do not seek to seal the contents of the Exhibits completely. (Doc. 35 at 2). Instead, the parties have offered to file redacted versions of the Exhibits

---

[3] Of course, the Court reserves the right to revisit this determination if/as necessary after the parties have filed their cross motions for summary judgment.

on CM/ECF, such that the public can view the Exhibits' non-privileged portions in their entirety. (*Id.*) Given this offer, the Court finds that the proposed seal is no broader than necessary to address the compelling reason for non-disclosure. *Accord Shane Grp.*, 825 F.3d at 305–06.

## IV. CONCLUSION

Based upon the foregoing, the parties' Motion to Seal (Doc. 35) should be and is hereby **GRANTED**. The Clerk is **DIRECTED** to file sealed versions of the Exhibits on CM/ECF. The parties are **GRANTED** leave to file redacted versions of the Exhibits in connection with their forthcoming summary judgment briefs.[4]

If the parties intend to redact any portion(s) of their forthcoming summary judgment motions, which discuss the privileged information in the Exhibits, the parties shall: (1) file redacted versions of the briefs on CM/ECF; and (2) submit unredacted versions to the Court, via email to Chambers (black_chambers@ohsd.uscourts.gov), for sealed filing.

**IT IS SO ORDERED.**

Date: 2/25/2021

Timothy S. Black
United States District Judge

---

[4] The parties' redactions shall, of course, comport with the proposed redactions submitted to the Court *in camera*.