UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LUXOTTICA OF AMERICA, INC. | : | Case No. 1:20-cv-00698 |
| Plaintiff and Counter-Defendant, | : | Judge Timothy S. Black |
| vs. | : | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | : | |
| Defendant and Counter-Claimant. | : | |

**ORDER DENYING DEFENDANT'S MOTION
FOR AN IMMEDIATE APPEAL
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b) (Doc. 56)**

This civil action is before the Court upon Defendant Allianz Global Risks US Insurance Company ("Allianz")'s motion to have this Court's July 28, 2021 Order certified for an immediate appeal pursuant to Federal Rule of Civil Procedure 54(b) and to stay all proceedings (Doc. 56) and the parties' responsive memoranda (Docs. 58, 60).[1]

### I. BACKGROUND

Pursuant to Federal Rule of Civil Procedure 54(b), Allianz seeks certification for an immediate appeal of the Court's July 28, 2021 Order (Doc. 55, the "July 28 Order") granting Plaintiff Luxottica of America, Inc.'s ("Luxottica")'s motion for summary judgment on its duty to defend claim. By the same motion, Allianz also seeks a stay of this case, or in the alternative, an immediate appeal with no stay.

---

[1] As an alternative, Allianz asks the Court to certify an immediate appeal while allowing discovery to continue. (*See* Doc. 56).

Luxottica, a corporation that sells retail eyeglasses and provides related services, is insured by Allianz. (Doc. 1 at ¶¶8, 12-15). Luxottica found itself defending class-action lawsuits (the "underlying litigation") related to the marketing of its "AccuFit" service. (*Id.* at ¶26).[2] Initially, pursuant to the insurance policy, Allianz paid for Luxottica's defense in the underlying litigation. (*Id.* at ¶¶34, 35). Three years later, Allianz reversed course, arguing the claims asserted against Luxottica in the underlying litigation were not covered by the policy. (*Id.* at ¶37). Allianz stopped defending Luxottica in the underlying litigation and asked Luxottica to reimburse it for expenses already paid. (*Id.* at ¶42).

Luxottica then filed the present case. Here, Luxottica seeks declaratory relief regarding Allianz's duty to defend and duty to indemnify, and declaratory relief against Allianz's claim for reimbursement. (*Id.* at ¶60). Luxottica also seeks damages for breach of contract and breach of the duty of good faith. (*Id.* at ¶¶48-64). Allianz has counterclaimed for breach of an implied contract and, in the alternative, for equitable restitution. (Doc. 17).

On an expedited schedule, the parties cross-moved for summary judgment on the duty to defend claim *only*. Deciding those motions in the July 28 Order, this Court granted Luxottica declaratory relief on the duty to defend, stating "Allianz **SHALL** reimburse Luxottica for any defense costs Luxottica was forced to incur as a result of Allianz's denial of coverage." (Doc. 55 at 21). Besides granting summary judgment on

---

[2] The cases are consolidated under the caption *Allegra, et al. v. Luxottica Retail North America*, 17-cv-5216 PKC-RLM (E.D.N.Y 2017).

Allianz's duty to defend Luxottica, the Court has made no other determinations as to the merits of the claims in Luxottica's complaint.

Allianz now asks that the Court declare its judgment on the duty to defend claim final pursuant to Federal Rule of Civil Procedure 54(b) and certify that issue for immediate appeal, even though other claims remain pending.[3] Allianz also asks the Court to stay proceedings, pending such an appeal. (Doc. 56).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 54(b):

> When an action presents more than one claim for relief…the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"The Sixth Circuit has mandated that a certificate of appeal under Fed.R.Civ.P. 54(b) be "a rare and extraordinary event." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 645 (N.D. Ohio 2016) (quoting *Callahan v. Alexander*, 810 F.Supp. 884, 886 (E.D.Mich. 1993) (emphasis supplied)). This is because the federal courts disfavor "piecemeal appeals." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)

---

[3] Allianz claims it is asking for an "interlocutory" appeal. While some courts do use the term "interlocutory" to refer to appeals pursuant to Rule 54(b), it is more traditional for that term to apply to potential appeals of non-final orders governed by 28 U.S.C. §1292. *See, e.g.*, *Novacor Chemicals Inc. v. GAF Corp.*, 164 F.R.D. 640, 644 (E.D. Tenn. 1996) (explaining the distinction). To avoid confusion, the Court will not use "interlocutory appeal."

(emphasis supplied).

"A Rule 54(b) certification requires two independent findings." *Gen. Acquisition, Inc. v. GenCorp., Inc.,* 23 F.3d 1022, 1026 (6th Cir.1994). "First, the court must expressly enter final judgment on at least one but not all of the case's claims or parties." *Burlington Ins. Co. v. Eden Cryogenics LLC*, No. 2:14-CV-00066, 2016 WL 8140249, at *4 (S.D. Ohio July 29, 2016). "Second, the court must find no just reason to delay that judgment's review." *Id.* (internal quotations omitted).

The Sixth Circuit has articulated five factors district courts should consider when deciding whether to certify a final judgment for an appeal under Rule 54(b):

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,* 807 F.2d 1279, 1283 (6th Cir.1986).

Ultimately, "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

### III. ANALYSIS

**A. Whether the Court's July 28 Order constitutes a final judgment**

First, the Court must first determine whether its July 28 Order constitutes a partial final judgment—in other words, an "ultimate disposition of an individual claim entered in the course of a multiple claims actions." *Curtiss–Wright Corp.*, 446 U.S. at 7 (1980).

Luxottica argues this Court has not entered a final judgment. (Doc. 58 at 3). Luxottica explains that "while the Court's July 28 order established Allianz's duty to defend, disputes remain between the parties over other issues including the amount of defense costs Allianz must pay. Rule 54(b) does not permit a party to appeal one portion of a larger claim that has not been fully adjudicated." (*Id.*).

The Court disagrees and considers its July 28 Order as a final disposition on the duty to defend.  Luxottica sought only declaratory relief on its duty to defend claim. By granting summary judgment, the Court has awarded Luxottica that relief.  Thus, the Court's July 28 Order meets the Sixth Circuit definition of a "final judgment." *Louisa v. Levi*, 140 F.2d 512, 514 (6th Cir.1944) ("A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the

5

cause save superintend, ministerially, the execution of the decree.").

Citing *Daleure v. Commonwealth of Kentucky*, Luxottica argues that "where a complaint includes multiple causes of action alleging different theories of damages for the same underlying injury, there is only one 'claim' for purposes of Rule 54(b)." (Doc. 58 at 7; *see also Daleure v. Commonwealth of Kentucky* 269 F.3d 540, 543 (6th Cir. 2001)). But Luxottica has not alleged a theory of damages on its duty to defend claim. On the contrary, Luxottica has sought, and this Court has awarded, declaratory relief. As stated, this Court has given all the relief asked of it on the duty to defend claim—another indication of finality.

The Court finds as an initial matter that the Court has rendered a final judgment by issuing declaratory relief on the duty to defend claim. The Court thus moves on to the second step of the inquiry: whether there is just reason to delay the appeal. Fed. R. Civ. P 54(b).

**B. Whether there is just reason to delay an appeal**

The Court analyzes whether there is just reason to delay the appeal with reference to the five factors enumerated by the Sixth Circuit. *Corrosioneering,* 807 F.2d 1279, 1283 (6th Cir.1986). But, at the outset, it is worth recalling that a trial court's application of Rule 54(b) ought to "preserve[] the historic federal policy against piecemeal appeal," *Curtiss-Wright Corp.*, 446 U.S. at 8 (1980).

The Court now turns to the factors enumerated by the Sixth Circuit.

### *1. The relationship between the adjudicated and unadjudicated claims*

Allianz argues that if the appellate court were to decide in Allianz's favor on the duty to defend claim, the appellate order would "resolve all remaining claims set forth in Luxottica's Complaint…." (Doc. 56 at 7). *Arguendo*, the Court assumes that that is true.[4] But the fact that a reversal by a reviewing court may resolve all Luxottica's claims is not a controlling or even necessarily important consideration. Allianz cites no cases that have successfully made this argument from a similar posture. Left unsaid by Allianz, but no less obvious, is the notion that an appellate court decision *affirming* this Court's July 28 Order would amount to little more than delay. For now, the Court cannot say that the mere hope of having the case resolved in one swoop on a Rule 54(b) appeal outweighs the benefit of moving forward before this Court.

Moreover, Allianz is misoriented on the relationship between the adjudicated and unadjudicated claims. Allianz asserts the "close relationship" justifies an immediate appeal. (Doc. 56 at 6). That is incorrect. "Instead, the interrelationship of the claims themselves weighs heavily *against* certification under Rule 54(b)." *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 822 (6th Cir. 2005) (emphasis added).[5] Thus, the Court finds Allianz's argument unpersuasive.

---

[4] However, Allianz skips over the question of whether an order reversing this Court's decision on the duty to defend would also resolve Allianz's counterclaims for reimbursement.

[5] For an illustration of the reverse proposition—that an adjudicated claim that is dissimilar from the unadjudicated claims weighs in *favor* of a Rule 54(b) appeal—see *Revco D.S. v. Government Employees Ins. Co* 791 F. Supp. 1254, 1278-79 (N.D. Ohio 1991).

Indeed, the adjudicated and unadjudicated claims here are similar—and this favors Luxottica. As other courts have found, the duties to indemnify, defend, and act in good faith are interrelated and ought to be heard together. *See Darwin Nat'l Assurance Co. v. Matthews & Megna LLC*, No. 3:13-CV-1319-TLW, 2014 WL 12621151, at *1 (D.S.C. Oct. 16, 2014) ("The interrelated nature of Plaintiff's duties to defend and indemnify and Defendants' counterclaims for breach of the duty of good faith and fair dealing, breach of fiduciary duty, and breach of contract is a just reason to delay entry of final judgment on Plaintiff's duty to defend.") (emphasis supplied). This factor weighs heavily against an immediate appeal.

2. ***The possibility that the need for review might or might not be mooted by future developments in the district court***

Allianz here argues that the need for review will not become moot because, to paraphrase, the duty to defend is broader than the other duties at-issue. (Doc. 56 at 7). According to Allianz, for example, a resolution on the breach of contract claim will not moot an appellate court's review of the duty to defend. (*Id.*).

Of course, it is always possible "future developments" may moot the need for appellate review. In this case, it seems plausible that developments in the underlying litigation may prompt a greater appetite for settlement here. That said, Allianz's general point is well-taken. Further decisions by this Court on the merits of any remaining claims are unlikely to moot appellate review of the duty to defend claim. While not dispositive, this factor provides support for an immediate appeal.

8

### 3. *The possibility that the reviewing court might be obligated to consider the same issue a second time*

Allianz's argues "there is no possibility that the Sixth Circuit would have to consider the duty to defend issue twice" because the Sixth Circuit will have the "last word." (Doc. 56 at 8). Allianz thus frames the "issue" as no broader than the "duty to defend." (*Id.*). But the Sixth Circuit has suggested that it is incorrect to simply characterize the "issue" as identical to the claim already decided by the trial court. Rather, <u>the inquiry ought to be attentive to overlapping facts</u>. In addressing this same factor, the Sixth Circuit found "[t]he greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal." *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 823 (6th Cir. 2005).

Here, there is a similar risk that the appellate court will have to twice revisit the same facts under different theories. Such would be the case if the appellate court upheld this Court's decision on the duty to defend and then, after all claims were litigated, a party took an appeal on the duty of bad faith. Accordingly, the risk of twice hearing the same issue is a point against an immediate appeal.

### 4. *The presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final*

Allianz argues that because there is no monetary judgment there can be no set-off from its own counterclaims. (Doc. 56 at 9). Therefore, Allianz says this factor weighs in its favor. (*Id.*).

Since the appeal would regard an order of declaratory relief, Allianz is correct that monetary adjustments are not necessarily implicated. But the Court finds Allianz's active counterclaims do pose a risk of a highly segmented, inefficient resolution. If the appellate court reversed on the duty to defend claim, and found the money paid by Allianz to Luxottica was outside the scope of a contract, it would still leave several questions regarding Allianz's counterclaim for equitable restitution. (Doc. 17 at PageID# 448). Those questions would likely be left to this Court on remand.

The Court is on notice of no authority that speaks to whether or how to apply the "set-off" language to declaratory judgments. Nonetheless, the presence of equitable counterclaims interposed by Allianz gives this Court pause about certifying an immediate appeal under Rule 54(b).

5. *Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.*

The Court finds miscellaneous factors also warrant keeping the claims unified.

First, this is a contract case with jurisdiction grounded in diversity of the parties. The Sixth Circuit has cautioned courts from using the Rule 54(b) procedure to expand federal jurisdiction over state law matters. Finding a trial court abused its discretion in granting a Rule 54(b) certificate of appeal, the Sixth Circuit stated "[t]he virtue of judicial restraint, which we find compelling enough in the face of complex federal questions, militates even more persuasively against expansive appellate jurisdiction in cases where federal jurisdiction is justified only by diversity of citizenship." *Gen. Acquisition, Inc. v.*

*GenCorp, Inc.,* 23 F.3d 1022, 1031 (6th Cir. 1994) (emphasis supplied).

Second, the Court is hesitant to certify an appeal based on "judicial economy" when the efficiency to be gained depends on a particular outcome at the appellate court. *See Metcalf v. Lynch*, No. 4:11-CV-127, 2013 WL 11409703, at *7 (M.D. Pa. Jan. 9, 2013). Allianz has no persuasive argument for a net gain in judicial economy in the event this Court is affirmed on a Rule 54(b) appeal.

Third, and essentially in summary, the Court finds Allianz has presented nothing "extraordinary" about this case warranting a departure from the normal presumption against piecemeal appeals. *Jackson*, 219 F. Supp. 3d 639, 645 (N.D. Ohio 2016). This Court granted summary judgment in favor of Allianz's opponent. An appellate order reversing this Court on the duty to defend may finally resolve that and other claims in the case. But this is not a unique case posture, and Allianz has little else to say in support. As with an insurer moving for a Rule 54(b) appeal in another case in this district, Allianz "has failed to show that it would be subject to any undue burdens by a denial of certification." *Burlington Ins. Co.,* 2016 WL 8140249, at *4 (S.D. Ohio July 29, 2016).

Taken together, these factors definitively, if not exclusively, counsel against a Rule 54(b) certification for appeal. Accordingly, the Court will deny Allianz's motion. The Court does not, therefore, reach the question of a stay.

## IV. CONCLUSION

For the foregoing reasons, Defendant Allianz's motion (Doc. 56) to have this Court's July 28, 2021 Order of summary judgment certified for an immediate appeal pursuant to Federal Rule of Civil Procedure 54(b) is **DENIED**.

**IT IS SO ORDERED.**

Date: 12/3/2021

Timothy S. Black
United States District Judge