UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LUXOTTICA OF AMERICA, INC. | : | Case No. 1:20-cv-00698 |
| Plaintiff and Counter-Defendant, | : | Judge Timothy S. Black |
| vs. | : | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | : | |
| Defendant and Counter-Claimant. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE (Doc. 72)**

This civil action is before the Court upon Defendant Allianz Global Risks US Insurance Company ("Allianz")'s motion for relief from this Court's July 28, 2021 pursuant to Rule 60 of the Federal Rules of Civil Procedure and the parties' responsive memoranda (Docs. 75, 78).

### I.   BACKGROUND

Plaintiff Luxottica of America, Inc. ("Luxottica"), an eye-ware retailer, is insured by Defendant Allianz. (Amended Complaint, Doc. 83 at ¶¶8, 12-15).  Luxottica found itself defending class-action lawsuits ("underlying litigation") related to the marketing of its "AccuFit" service. (*Id.* at ¶26).[1]  Initially, pursuant to the insurance policies, Allianz covered Luxottica's defense. (*Id.* at ¶¶34, 35).  Allianz reversed course three years later,

---

[1] The cases were consolidated under the caption *Allegra, et al. v. Luxottica Retail North America*, 17-cv-5216  PKC-RLM (E.D.N.Y 2017).

1

arguing that the claims asserted against Luxottica were not covered by its coverage policies. (*Id.* at ¶37). Allianz stopped defending Luxottica in the underlying litigation and asked Luxottica to reimburse it for expenses already paid. (*Id.* at ¶42).

Luxottica then filed the present case. In it, Luxottica seeks declaratory relief regarding Allianz's duty to defend and damages for breach of contract and the breach of duty of good faith. (*Id.* at ¶¶48-64).

Ahead of full discovery, the parties cross-moved for summary judgment on the duty to defend claim *only*. Deciding those motions in an Order of July 28, 2021 (the "July 28 Order"), this Court granted Luxottica declaratory relief on the duty to defend, stating, specifically: "The Court DECLARES that Allianz owes Luxottica a duty to defend in the Underlying Lawsuit. Allianz SHALL reimburse Luxottica for any defense costs Luxottica was forced to incur as a result of Allianz's denial of coverage." (Doc. 55 at 21).

By its own admission, maintained at conferences and clearly inferable from the record, Allianz paid no defense costs to Luxottica for at least four months following the July 28 Order. A December 2, 2021 letter from Allianz's counsel to Luxottica's counsel—with the Court copied—stated that Allianz would resume its defense of Luxottica "based on [the Court's] ruling on the Cross-Motions for Summary Judgment." By this same letter, Allianz requested that Luxottica submit unpaid invoices for defense of the underlying litigation.

2

About month after sending this letter, Allianz filed the present motion for relief from the July 28 Order. (Doc. 72).

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 60(a):

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Sixth Circuit has made clear that Rule 60(a) is not the proper avenue to correct errors "that affect substantial rights of the parties." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990). Errors cognizable under Rule 60(a) "are not errors of substantive judgment." *Id.* (citing *Jones v. Anderson–Tully Co.*, 722 F.2d 211, 212–13 & n. 3 (5th Cir.1984).

## III. ANALYSIS

Allianz's arguments rests on the idea that the Court entered an injunction in its July 28 Order rather than the declaratory relief sought. A mistakenly entered injunction, in other words, is the "clerical" error in need of correction. In support of that theory, Allianz attempts a distinction between injunctive and declaratory relief. "With an injunction, a federal court may enforce compliance. In contrast, a declaratory judgment functions through persuasion, but is a step toward coercive means if necessary." (Doc. 72 at 6 (quoting *Skyworks, Ltd. v. CDC*, N.D.Ohio No. 5:20-cv-2407, 2021 U.S. Dist. LEXIS 103928, at *13) (June 3, 2021) (internal citations omitted)).

3

Allianz continues:

> [T]he distinction between the declaratory judgment requested and the injunctive relief granted is significant. The parties' summary judgment briefing focused solely on whether Allianz owed Luxottica a duty to defend it in the underlying class action. Upon finding that such a duty was owed, the Court granted Luxottica not only the declaratory relief it had requested in its Complaint, but within the same order also granted Luxottica the ultimate relief - without hearing or trial - of reimbursement of defense costs paid in its defense of the underlying class action.

(*Id.*).

Allianz spends very little time digging into the nuts-and-bolts of the Court's July 28 Order and explaining what about that Order brings it into the world of mandatory injunctive relief. Perhaps that is because the distinction between injunctive and declaratory relief is notoriously blurry. As the Supreme Court has stated: "there is little practical difference between injunctive and declaratory relief." *California v. Grace Brethren Church*, 457 U.S. 393, 394 (1982); *see also* Samuel L. Bray, *The Myth of the Mild Declaratory Judgment*, 63 Duke L.J. 1091, 1105 (2014) (exploring and rejecting the idea that declaratory relief is "milder" than injunctive relief). All of which is to say that the Court is not willing to accept Allianz's underdeveloped thesis that this Court has handed down injunctive relief without a proper explanation for why the Order is injunctive.

Specifically, Allianz takes offense to the fact that the Court, in its July 28 Order, declares that Allianz has a duty to defend and then states, "Allianz SHALL reimburse Luxottica for any defense costs Luxottica was forced to incur as a result of Allianz's denial of coverage." (Doc. 55 at 21). Does that one sentence with the word SHALL in it

4

render the Order "mandatory injunctive relief?"

Several reasons suggest the answer is no. First, it is common for district courts to include similar language in orders resolving declaratory rights on the duty to defend. *See e.g.*, *Century Indem. Co. v. Aero-Motive Co.*, 318 F. Supp. 2d 530, 548 (W.D. Mich. 2003) ("The Beckers <u>are entitled to recover defense costs</u> from the Insurers) (emphasis added). *MBIA Inc. v. Certain Underwriters at Lloyd's, London*, 33 F. Supp. 3d 344, 358 (S.D.N.Y. 2014) ("The Underwriters <u>must</u> make payment to MBIA on the Transformation Claim under their Financial Institutions Professional Indemnity Policy.") (emphasis added); *N.A.A.C.P. v. Acusport Corp.*, 253 F. Supp. 2d 459, 463–64 (E.D.N.Y. 2003) (resolving a partial summary judgment motion on the duty to defend by concluding "Massachusetts Bay <u>shall reimburse</u> Faber's costs of defending the NAACP action incurred from Faber's tender of defense on June 21, 2001 to the present and to defend the ongoing NAACP action.") (emphasis added); *see also Cont'l W. Ins. Co. v. Colony Ins. Co.*, 69 F. Supp. 3d 1075, 1087 (D. Colo. 2014). And yet Allianz points to no dogs barking about any scrivener's errors or any cases suggesting these orders amount to injunctive relief. In fact, Allianz points to no cases directly or indirectly suggesting this Court has mistakenly entered injunctive relief.

Second, neither the Court's July 28 Order nor its analysis bear any of the hallmarks of injunctive relief—preliminary or final. The parties did not brief the issues of irreparable harm or likelihood of success on the merits. The Court's Order did not address those issues. And the Court's Order is not self-executing. That much is clear

from the facts of this case.  From roughly the date of the relevant order—July 28, 2021—until roughly December 2, 2021, Allianz forthrightly refused to pay anything towards Luxottica's defense. This is not the behavior of a party beneath the sword of an injunction.  Indeed, the Court expressed concern about this lack of payment at a status conference. (*See* Notation Order of November 22, 2021).  But there was no suggestion from either Luxottica or the Court that Allianz was in defiance of an injunction.

Third, Allianz's own consideration of the July 28 Order belies the idea that it contains injunctive relief.  Before filing the present motion, Allianz moved this Court to certify an appeal pursuant to Federal Rule of Civil Procedure 54(b).  Of course, if the July 28 Order were an injunction, there would be no reason to ask this Court to certify an appeal. (Doc. 56).  Injunctive orders are immediately appealable.  28 U.S.C. §1292 (a)(1).  And Sixth Circuit case law has long made clear that an order is appealable if it has the practical effect of an injunction. *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006).  Despite these truths, Allianz did not take an appeal as of right. And that made good sense—because the Court's July 28 Order is not an injunction.

Put another way, the Court did not err by entering an injunction because it did not enter an injunction. Thus, the Court will deny Allianz's motion.  However, the Court briefly addresses the collateral concerns raised by Allianz and Allianz's misunderstanding of the July 28 Order.  Allianz writes that "the order of payment of all incurred defense costs without consideration of relevant policy terms and conditions that

6

directly impact the measure of the obligation to pay defense fees under the policy is premature and prejudicial." (Doc. 72 at 4). This is simply incorrect. Allianz reads out the back-half of the Court's relevant statement in the July 28 Order. The Court ordered that "Allianz SHALL reimburse Luxottica for any defense costs Luxottica <u>was forced to incur as a result of Allianz's denial of coverage</u>." (Doc. 55 at 21) (emphasis added). In other words, any right to reimbursement of defense costs is still subject to the policy coverage.

Similarly, the Court agrees with Allianz that the Court has not determined what amounts Allianz must pay for defense costs. The Court's July 28 Order does not portend to do so. This is the reason that, following upon Allianz's December 2 letter stating it would resume responsibility for the defense of the underlying litigation and asking Luxottica to submit unpaid invoices, the Court ordered that Allianz "SHALL process and pay invoices for defense costs recently submitted by Plaintiff FORTHWITH, <u>subject to any good faith reason to withhold payment</u>." (*See* Notation Order of January 28, 2022) (emphasis added).

As to the above points, the Court sees no reason to revise its July 28 Order to clarify that it does not do something that it clearly does not do. Similarly, the Court sees no reason to grant Allianz relief from the July 28 Order pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes the Court to consider various factors in relieving a party from the consequences of a judgment. Allianz does little more than pay lip service to sub-parts 60(b)(5) and (b)(6). Relief under those provisions would require

7

Allianz to show the judgment is no longer equitable or demonstrate another reason that justifies relief. *See* Fed. R. Civ. P. 60.  Allianz has done neither.  Accoringly, it is not entitled to relief under Rule 60(b).

## IV. CONCLUSION

For the foregoing reasons, Defendant Allianz's motion for relief pursuant to Federal Rule of Civil Procedure 60 is **DENIED**. (Doc. 72).

**IT IS SO ORDERED.**

Date:  5/12/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge